■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VINCENT FIORILLO, Appellant.— Appeal by defendant from a judgment of the former County Court, Queens County, rendered June 7, 1962 after a jury trial, convicting him of murder in the second degree and sentencing him to serve a term of 20 years to life imprisonment. Judgment reversed on the law and a new trial granted. The findings of fact implicit in the jury's verdict are affirmed. In our opinion, defendant was implicated by the written confession of his codefendant Donovan. Contrary to defendant's claims at the trial, Donovan's confession described defendant as an active participant in the execution of the robbery and as one who shared in its proceeds. If Donovan's confession implicated defendant's other codefendant, Harry Mencher, who claimed that he was not involved in any manner in the commission of the crime, we are logically constrained to hold that it also implicated this defendant, who claimed at the trial that he had withdrawn from the intended crime prior to its commission. Under the circumstances, since the admission into evidence of such confession has been held to be error requiring a new trial as to the codefendants Donovan and Mencher (*People* v. *Donovan,* 13 N Y 2d 148), a similar holding should be made as to this defendant, Vincent Fiorillo. Christ, Hill, Rabin and Hopkins, JJ., concur; Beldock, P. J., concurs in the result with the following memorandum: While I agree with the majority that the confession embraced this defendant and that it was error to admit the confession into evidence, I do not agree that such error requires a new trial as to him. In my opinion, the error did not affect this defendant's substantial rights, for his guilt was abundantly established beyond a reasonable doubt — without the confession. In contrast to the codefendant Mencher who testified and denied his participation, this defendant testified and admitted that he actively participated in the robbery as well as in its preliminary planning. Therefore, as to him the error should be disregarded and the judgment affirmed pursuant to section 542 of the Code of Criminal Procedure. However, I am constrained to concur in the result only because it would be in the interests of justice to permit this defendant to have a new trial in view of the fact that the two other codefendants have been granted a new trial.